IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROY JON,                          §
TDCJ-CID NO. 626840,              §
                                  §
              Petitioner,         §
                                  §
v.                                §
                                  §   CIVIL ACTION NO. H-12-0258
RICK THALER, Director, Texas      §
Department of Criminal Justice,   §
Correctional Institutions         §
Division,                         §
                                  §
              Respondent.         §

## MEMORANDUM OPINION AND ORDER

Roy Jon, an inmate of the Texas Department of Criminal Justice
- Correctional Institutions Division (TDCJ-CID), filed a Petition
for a Writ of Habeas Corpus By a Person in State Custody
("Petition") (Docket Entry No. 1) challenging two prison
disciplinary rulings against him.  The Respondent has filed a
Motion for Summary Judgment with Brief in Support (Docket Entry
No. 15), which is supported by TDCJ-CID records.  After reviewing
the pleadings and the records, the court has determined that the
motion should be granted, and this action should be dismissed.

## I.  Procedural History and Petitioner's Arguments

Jon is serving a twenty-five year sentence for delivery of a
controlled substance-cocaine.  State v. Jon, No. F-9263805 (5th

Dist. Ct., Dallas County, Tex., Aug. 20, 1992).  (Docket Entry No. 15-1 at 3, Respondent's Exhibit A)   A procedural history concerning appeal and post-conviction proceedings of the felony offense is not necessary because Jon does not attack the validity of his state court conviction.   Instead, Jon's petition concerns two prison administrative disciplinary proceedings.

**A.   Disciplinary Case No. 20100360001**

On August 18, 2010, Jon was notified that he was charged with creating a disturbance and failing to obey an order on August 17, 2010.[1]  (TDCJ-CID Disciplinary Case No. 20100360001, Docket Entry No. 16-1 at 3)  He was also notified that he had been charged with failing to obey an order.[2]  Id.  On August 23, 2010, Jon attended a disciplinary hearing, represented by counsel substitute.   Id. After reviewing the evidence, the Disciplinary Hearing Officer ("DHO") found Jon guilty of the charges and assessed the following punishments:   (1) forty-five days loss of recreation privileges, (2) forty-five days loss of commissary privileges, (3) forty-five days of cell restriction, (4) retention at Line Class 3 (L3), and (5) forfeiture of thirty days of good-time credit.   Id.

On September 3, 2010, Jon filed a Step 1 Grievance challenging the outcome of the proceeding.  (Docket Entry No. 16-2 at 3-4)  The

---

[1] A Level 2, Code 23.0 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders, Docket Entry No. 15-2 at 4.

[2] A Level 2, Code 24.0 violation of TDCJ-CID Disciplinary Rules and Procedures for Offenders.  Id.

grievance was denied and returned to Jon on October 2, 2010. Id. Jon then filed a Step 2 Grievance on October 18, 2010. Id. at 5-6. That grievance was denied on November 8, 2010. Id.

Jon certified that his federal habeas petition was placed in the prison mailing system on January 20, 2012. (Docket Entry No. 1 at 15) Therefore, it is considered to be filed with this court on that date. See Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008). Jon asserts the following grounds for relief regarding Disciplinary Case No. 20100360001:

1. Jon's counsel substitute failed to inform him of the facts contained in the offense report or investigation;

2. Jon's counsel substitute falsified documents indicating she gave him notice of the charges;

3. Jon's counsel substitute was ineffective;

4. Jon was not given adequate notice of the charges;

5. There was insufficient evidence to support a finding that Jon was guilty of the disciplinary infraction;

6. Jon was denied the opportunity to testify, present witnesses, or present evidence;

7. Jon was denied the right to confront and cross-examine witnesses;

8. The DHO was biased against Jon.

See Petition, Docket Entry No. 1 at 8-12; Memorandum in Support, Docket Entry No. 2 at 6-16.

**B.   Disciplinary Case No. 20110110865**

On December 22, 2010, Jon was notified that he was charged with failing to obey an order on December 13, 2010.[3]   (TDCJ-CID Disciplinary Case No. 20110110865, Docket Entry No. 16-3 at 3)   He was also notified that he was charged with using "indecent or vulgar language or gestures in the presence of or directed at an employee or any person who is not an offender.[4]   Id.   On December 30, 2010, Jon attended a disciplinary hearing, represented by counsel substitute.   Id.   He entered a plea of not guilty to the charge of failing to obey an order and a plea of guilty to the vulgar language charge.   Id.   After reviewing the evidence, the DHO found Jon guilty of the charges and assessed the following punishments: (1) forty-five days loss of recreation privileges, (2) forty-five days loss of commissary privileges, (3) forty-five days of cell restriction; (4) retention at L3 status; and (5) forfeiture of forty-five days of good-time credit.   Id.

On January 7, 2011, Jon filed a Step 1 Grievance challenging the outcome of the proceeding.   (Docket Entry No. 16-4 at 3-4)   The grievance was denied and returned to Jon on March 8, 2011.   (Docket Entry No. 16-4 at 4)   Jon then filed a Step 2 Grievance on March 14, 2011.   Id. at 5-6.   That grievance was denied on April 15, 2011.   Id.

---

[3]A Level 2, Code 24.0 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders, Docket Entry No. 15-2 at 4.

[4]A Level 3, Code 42.0 violation of TDCJ-CID Disciplinary Rules and Procedures for Offenders, Docket Entry No. 15-2 at 6.

Jon asserts the following grounds for relief regarding Disciplinary Case No. 20110110865:

1. Jon was not given adequate notice of the charges because his counsel substitute "did not inform the petitioner that CO [Correctional Officer] Hall was a witness for the charging officer Sandy Clark (Docket Entry No. 2 at 6);

2. There is insufficient evidence to support the finding of guilt because:

   a. The "offense report states that the petitioner complied with all her orders" (Docket Entry No. 1 at 11);

   b. The offense report contradicts the witness statement given by CO Hall, id.; and

   c. The charging officer did not give an order not to use profane language, instead, she asked Jon for his ID card (Docket Entry No. 2 at 8);

3. The DHO denied Jon the opportunity to cross-examine the charging officer after he pled guilty to one of the charges against him (Docket Entry No. 1 at 11; Docket Entry No. 2 at 9);

4. The DHO directed the charging officer to "alter state documents to sustain a conviction at the hearing" (Docket Entry No. 1 at 12);

5. Jon's counsel substitute was ineffective (Docket Entry No. 2 at 14);

6. The DHO was biased against Jon (Docket Entry No. 2 at 14, 16); and

7. Jon was denied the right to be heard (Docket Entry No. 2 at 10).

## II.   Respondent's Arguments

Respondent Rick Thaler argues that Jon's challenge to Disciplinary Case No. 20100360001, which was brought against him in

-5-

August of 2010 and was made final on November 8, 2010, should be dismissed because it is barred by the statute of limitations. 28 U.S.C. § 2244(d). Thaler argues that some of Jon's challenges to Disciplinary Case No. 20110110865 are subject to dismissal because they have not been exhausted, as required by 28 U.S.C. § 2254(b). Consequently, Jon is now procedurally barred from seeking administrative relief in the prison system with regard to those claims. Thaler argues that Jon received all of the due process to which he was entitled with regard to his forfeiture of good time. Thaler further contends that Jon's challenges to his loss of privileges and retention in classification are not actionable because they do not impose "atypical and significant hardships" on Jon. Thaler also asserts that there was sufficient evidence to support the finding of guilt and loss of good time and that Jon's claims are conclusory and meritless.

### III. <u>Standards of Review and Applicable Laws</u>

Jon's petition for a writ of habeas corpus is subject to review under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254; <u>Woods v. Cockrell</u>, 307 F.3d 353, 356 (5th Cir. 2002); <u>Nobles v. Johnson</u>, 127 F.3d 409, 413 (5th Cir. 1997), <u>citing</u> <u>Lindh v. Murphy</u>, 117 S.Ct. 2059, 2068 (1997). A federal habeas petitioner challenging a state court decision is not entitled to relief unless the state court judgment:

-6-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The 1996 AEDPA provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 122 S.Ct. 1843, 1849 (2002), citing Williams v. Taylor, 120 S.Ct. 1495, 1518 (2000). Habeas relief should only be granted if the state court's decision is both incorrect and objectively unreasonable. Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001), citing Williams, at 1521.

Summary Judgment standards established under the Federal Rules of Civil Procedure apply in habeas corpus cases brought under 28 U.S.C. § 2254. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000); McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994). A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Hall v. Thomas, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable

to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. See Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2552; Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986). A habeas petitioner cannot rely on "bald assertions on a critical

-8-

issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### IV.   <u>Analysis</u>

**A.   Disciplinary Case No. 20100360001 – Statute of Limitations**

Jon's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the
> claim   or   claims   presented   could   have   been
> discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application
> for State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Thaler moves to dismiss Jon's habeas petition under  28 U.S.C.
§ 2244(d)(1)(D).  That statutory provision has been applied to
petitions that contest the results of state prison disciplinary
proceedings. Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002).
The one-year period commences from the date of the petitioner's
disciplinary hearing. Id. at 363.  A timely application under the
prison administrative grievance procedures tolls the one-year
period. Id. at 364.

Jon was found guilty in Disciplinary Case No. 20100360001 on
August 23, 2010. (Docket Entry No. 16-1 at 3)  The one-year habeas
limitations   period   commenced   on   that   date.     28   U.S.C.
§ 2244(d)(1)(D); Kimbrell, 311 F.3d at 363.   Jon's Step 1
Grievance, filed September 3, 2010, tolled the limitations period
for the twenty-nine days it was pending. Id. at 364.  The period
recommenced when the Step 1 Grievance was denied and was tolled
again for twenty-one days from when the Step 2 Grievance was filed
on October 18, 2010, until November 8, 2010, when it was denied.
Id.  In total, the Step 1 and Step 2 Grievances were pending fifty
days, thus tolling the one-year statute of limitations for that

-10-

period. Therefore, Jon needed to file his federal petition no later than October 12, 2011, which is one year and fifty days after August 23, 2010. Jon's declaration (Docket Entry No. 1 at 15) attests that the petition was not filed until January 20, 2012, more than three months after the deadline.

Liberally construed, Jon's pleadings fail to present any rare and exceptional circumstances, such as intentional deception, that demonstrate he is entitled to equitable tolling. See United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). Jon alleges in his supporting memorandum that his unit was on lock down during October of 2011. (Docket Entry No. 2 at 4) However, Jon had more than eleven months to prepare his federal petition. His dilatoriness in pursuing his remedies does not warrant equitable tolling. Koumjian v. Thaler, 484 F.App'x. 966, 970 n.11 (5th Cir. 2012) (eight months delay), citing Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (delay of over four months); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (six months).

In his response Jon asserts that he filed a state tort action in the 278th District Court of Walker County, Texas, on December 29, 2010, and that the petition was refused on February 28, 2011. (Docket Entry No. 22 at 3) He contends that the state court proceeding tolled the limitations period until February 23, 2011. Id. Texas inmates are required to appeal their prison disciplinary punishments using the TDCJ-CID administrative system. Lerma v. Estelle, 585 F.2d 1297, 1298 (5th Cir. 1978).

-11-

They are not required or allowed to use the Texas court system to challenge prison sanctions. Ex parte Brager, 704 S.W.2d 46 (Tex. Crim. App. 1986). Jon's improper resort to state court does not justify tolling. Wion v. Quarterman, 567 F.3d 146 (5th Cir. 2009). There are no facts showing that Jon was subject to any state proceeding or action that impeded him from timely filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which Jon's petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged prison disciplinary rulings became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, Jon's challenge to Disciplinary Case No. 20100360001 is untimely.

**B.   20110110865 - Failure to Exhaust Administrative Remedies**

The respondent asserts that some of the grounds presented by Jon in his habeas petition were not presented in his Step 1 and Step 2 Grievances challenging the outcome of Disciplinary Case No. 20110110865. Therefore, they were not exhausted under the TDCJ-CID administrative process. The respondent contends that the unexhausted claims are procedurally barred and subject to dismissal.

Under 28 U.S.C. § 2254(b) a petitioner is required to exhaust available state procedures before he may pursue habeas relief in the federal courts. See Wion, 567 F.3d at 148, citing Orman v.

-12-

Cain, 228 F.3d 616, 619-20 (5th Cir. 2000). Generally, this requires a Texas prisoner challenging his state custody to present his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or in a state application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). However, the proceedings at issue are prison disciplinary hearings, and the Court of Criminal Appeals does not entertain such claims. See Brager, 704 S.W.2d 46. Consequently, the exhaustion requirement is met if the prisoner fully utilizes the prison grievance system. Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980); Lerma, 585 F.2d at 1298. See also Spaulding v. Collins, 867 F.Supp. 499, 502 (S.D. Tex. 1993) ("Because this case involves a prison disciplinary action, it is not reviewable by state courts and is properly brought by federal habeas corpus petition to this court" after exhaustion of the TDCJ-CID grievance procedure). TDCJ-CID currently has a two-step grievance process for presenting administrative grievances, including challenges to disciplinary decisions. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). Jon must have completed both grievance steps; otherwise, he has not met the exhaustion requirement, and his claims may be subject to dismissal. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

-13-

Jon filed both Step 1 and Step 2 Grievances.  (Docket Entry No. 16-4)  However, the respondent asserts that the following grounds were not presented in the grievances:

1.  Jon was not given adequate notice of the charges because his counsel substitute "did not inform the petitioner that CO [Correctional Officer] Hall was a witness for the charging officer Sandy Clark" (Docket Entry No. 2 at 6).

2.  There is insufficient evidence to support the finding of guilt because:

    a.  The "offense report states that the petitioner complied with all her orders" (Docket Entry No. 1 at 11);

    b.  The offense report contradicts the witness statement given by CO Hall, id.; and

    c.  The charging officer did not give an order not to use profane language; instead, she asked Jon for his ID card (Docket Entry No. 2 at 8);

. . .

4.  The DHO directed the charging officer to "alter state documents to sustain a conviction at the hearing"  (Docket Entry No. 1 at 12);

. . .

6.  The DHO was biased against Jon (Docket Entry No. 2 at 14, 16); and

. . .

A prison inmate's pleadings should be evaluated using "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), quoting Haines v. Kerner, 92 S.Ct. 594, 596 (1972).  Consequently, courts must construe pro se prisoner's habeas petitions liberally.  Johnson v.

-14-

Quarterman, 479 F.3d 358, 359 (5th Cir. 2007).  After carefully studying Jon's grievances and interpreting them broadly, the court finds that Jon did allege to the TDCJ-CID administration that he had not been informed about CO Hall's role as a witness against him in the disciplinary proceeding.  (Claim 1)  The court also finds that Jon's grievances indicate that he was attacking the sufficiency of the evidence against him regarding the alleged contradictions in the offense report.  (Claims 2.a and 2.b)  There is also language concerning Jon's claims about being charged with failing to render his ID card and using vulgar language after being ordered to cease and desist.  (Claim 2.c)  Liberally construed, Jon's grievances give adequate notice that he challenges the sufficiency of the evidence against him regarding the offense report and his failure to obey orders.  However, there is no language or terms that can be interpreted, even liberally, as allegations that the DHO had the charging officer and witness alter their reports (Claim 4) or that the DHO was biased against Jon. (Claim 6)

When a habeas petitioner asserts claims that have not been properly exhausted in the state courts or in the proper administrative process and that cannot now be pursued in the state system, he has defaulted.  Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997).  Therefore, he is barred from presenting the defaulted claims for review in a federal habeas corpus proceeding.  Id.  Consequently,

-15-

Jon's unexhausted claims (Claims 4 and 6) are barred from consideration. See Beckford v. Martinez, 408 F. App'x. 518, 520 (3d Cir. 2010) (habeas petition challenging disciplinary proceeding barred due to failure to exhaust prison remedies), citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). See also Horsley v. Johnson, 197 F.3d 134, 136 (5th Cir. 1999) (unexhausted claims are subject to dismissal as procedurally barred where it is evident that the state courts would also dismiss them as barred).

Procedural default may be overcome if the petitioner can demonstrate cause and prejudice or that failure to consider the claim would result in a fundamental miscarriage of justice. Morris v. Dretke, 413 F.3d 484, 491-92 (5th Cir. 2005). However, Jon has failed to allege or demonstrate either exception; nor has he shown that it would have been futile to raise the claims on administrative review. Fuller, 11 F.3d at 62. Therefore, Jon's claims that the DHO had the witnesses alter their reports and that the DHO was biased against him (Claims 4 and 6) are subject to dismissal as procedurally barred. Moreover, Claims 4 and 6, as well as all of Jon's claims, have no merit.

## C.   Not All Disciplinary Punishments are Actionable

A petitioner's habeas challenge to a disciplinary hearing is not actionable in federal court if the outcome of the administrative proceeding does not adversely affect his release

date. See Sandin v. Conner, 115 S.Ct. 2293, 2297 (1995); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner does not have many of the rights and privileges that a free citizen enjoys. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). In some instances the state may create liberty interests that are protected by the Due Process Clause. Id. However, a prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, at 2300.

Four of the five punishments levied on Jon as a result of his disciplinary hearing (loss of recreation privileges, loss of commissary privileges, cell restriction, and retention in classification) did not impose an "atypical and significant" hardship on him. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). These sanctions, including those affecting good-time earning classification, do not have a direct effect on Jon's release date. See Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). See also Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (any possible

-17-

adverse effects that a disciplinary action may have on a prisoner's chances for parole are not actionable because Texas prisoners do not have a liberty interest in parole). Only Jon's loss of forty-five days of good-time credits is subject to review in this federal habeas action. Houser v. Dretke, 395 F.3d 560 (5th Cir. 2004); Murphy v. Collins, 26 F.3d 541, 543 n.5 (5th Cir. 1994).

**D.   Evidence Required in a Disciplinary Hearing**

Unlike a defendant in a criminal trial, a prisoner in a disciplinary proceeding has limited due process rights. Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). These rights are met when the prison officials "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the factfinders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence." Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004), citing Wolff, 94 S.Ct. at 2978-80. See also Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009). Only some evidence is required to support a finding of guilt at a prison disciplinary hearing. Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001), citing Superintendent, Mass. Correctional Inst., Walpole v. Hill, 105 S.Ct. 2768, 2773 (1985).

-18-

Both the statement by Officer Hall, who witnessed the incident (Docket Entry No. 16-3), and the audio recording[5] of the hearing provide evidence that Jon used profane language and failed to obey orders.  This is sufficient to uphold the DHO's determination of guilt.  Hudson, 242 F.3d at 536.  In his response Jon contends that evidence in the case was suppressed, that the officer's testimony was distorted, and that he was never informed of the testimony against him.  (Docket Entry No. 22 at 10)  He also claims that he was denied the right to present his case to the DHO, that he was harassed during the hearing, and that he was prevented from questioning the officers.  Id.

As noted above, a prisoner at a disciplinary hearing has limited rights.  See Morgan, 570 F.3d at 668; Houser v. Dretke, 395 F.3d at 562.  The record reflects that Jon was given written notice of the charges more than twenty-four hours in advance of the hearing.  (Docket Entry No. 16-3 at 3)  The audio recording reflects that Jon attended the hearing where he was advised of his rights, including the right to call witnesses and present documentary evidence.  Jon also acknowledged that he had previously been given written notice of the charges.  Jon was allowed to testify at the hearing, and he admitted that he used profanity and did not follow orders.  He stated that he had no witnesses to call because "nobody would talk," but he did submit his written

---

[5]The audio recording is on a CD attached to the DHR in the folder.

statement in his behalf.  There is no evidence to support Jon's allegations that his rights were violated, and his admission is sufficient to uphold the DHO's finding and decision.  Richards v. Dretke, 394 F.3d 291, 296 (5th Cir. 2004); Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (prisoner's admission was "some evidence" of actual rule violation).

**E.   No Right to Counsel at a Disciplinary Hearing**

Jon contends that his counsel substitute was ineffective by failing to communicate with him or assist him in preparing a defense.  Having reviewed the records including the audio recording, the court notes that the counsel substitute did seek leniency and mitigation of punishment during the hearing. Regardless of the counsel substitute's performance, Jon is not entitled to be represented by an attorney -- appointed or retained -- at a prison disciplinary hearing.  Baxter v. Palmigiano, 96 S.Ct. 1551, 1556 (1976), citing Wolff, 94 S.Ct. at 2979; Enriquez v. Mitchell, 533 F.2d 275, 276 (5th Cir. 1976).  Since Jon had no right to an attorney at the hearing, his claim of ineffective assistance of counsel has no merit.  See Wainwright v. Torna, 102 S.Ct. 1300, 1301 (1982).  See also Ruiz v. Quarterman, 460 F.3d 638, 644 (5th Cir. 2006).

Therefore, the Respondent's Motion for Summary Judgment (Docket Entry No. 15) shall be granted, and this action shall be dismissed.

## V.   **Jon's Motions**

Jon has filed a motion to file an out-of-time petition for a writ of habeas corpus regarding TDCJ-CID Disciplinary Case No. 20100360001 on the basis that his actions were delayed by a lock down of his unit.  He has also moved for a hearing on the matter.  The court has found that Jon's challenge to TDCJ-CID Disciplinary Case No. 20100360001 is untimely and that he is not entitled to equitable tolling.  See Koumjian, 484 F. App'x. at 970. The motions  (Docket Entry Nos. 13 are 14) shall be denied.

Jon has also filed motions seeking an extension of time to submit untimely documentary evidence (Docket Entry No. 20) and to exclude evidence submitted by the respondent (Docket Entry No. 21) and to strike the respondent's motion for summary judgment (Docket Entry No. 24).  These motions shall be denied because the respondent has clearly demonstrated that he is entitled to summary judgment because Jon's claims are baseless.  See Armenta v. Pryor, 377 F. App'x. 413, 417 (5th Cir. 2010).

## VI.   **Certificate of Appealability**

Under 28 U.S.C. § 2253, Jon needs to obtain a certificate of appealability before he can appeal this Memorandum Opinion and Order dismissing his petition.  To obtain a certificate of appealability, Jon must make a substantial showing of the denial of a constitutional right.  Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002).  To make such a showing Jon must demonstrate that

the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion and Order, Jon has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996).  The court will deny the issuance of a Certificate of Appealability.

## VII.   Conclusion

The court **ORDERS** the following:

1.    Respondent's Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED.**

2.    The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice.**

3.    All other motions (Docket Entry Nos. 13, 14, 20, 21, and 24) are **DENIED.**

4.    A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this 22nd day of February, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE